UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61472-CIV-COHN

JOHN WAJCMAN, LUCILLE MATTHEWS,
ALVA SCOTT, on behalf of
themselves and all others similarly situated,

Magistrate Judge Seltzer

    Plaintiffs,
vs.

HARTMAN & TYNER, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO PROCEED AS COLLECTIVE ACTION PURSUANT TO FAIR LABOR STANDARDS ACT

THIS CAUSE is before the Court upon Plaintiffs' Motion to Proceed as Collective Action [DE 8].  The Court has carefully considered the motion and response thereto, and is otherwise fully advised in the premises.  A reply was due by January 2, 2008, but none has been filed to date.

I.  BACKGROUND

Plaintiffs John Wajcman, Lucille Matthews and Alva Scott ("Plaintiffs") filed their complaint asserting a single claim for failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216, for employees who were employed as poker dealers at Defendant Hartman & Tyner's casino ("Defendant").  Plaintiffs allege in this case that they and other similarly situated current and former employees were "tipped" employees under the FLSA for whom Defendant claimed a tip credit, but were forced to disburse 10% of their tips to "non-tipped" employees.  Plaintiffs allege that this practice meant that Defendant could not claim a tip credit, and therefore must pay

Plaintiffs' full minimum wage. Compl., §§ 9-15 [DE 1]. Defendant denies it violated the FLSA and asserts that it followed the Department of Labor guidelines in good faith. Answer and Affirmative Defenses, ¶ 4 [DE 5].

Plaintiffs filed a motion to allow notice to prospective opt-in class members similarly situated to Plaintiffs. Defendant filed a response objecting to various portions of Plaintiffs' proposed Notice.

## II. DISCUSSION

Plaintiffs seek an order of this court allowing notification of potential class members under Section 216(b) of the FLSA. It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). In Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001), the Eleventh Circuit reaffirmed the Grayson-Dybach standard, but also addressed the issue of requiring a "two-tiered" approach of conditional class certification and a later defense motion for decertification after discovery. The Court stated that:

> The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts

in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.

Hipp, 252 F.3d at1219.  Contrary to Plaintiffs' implied assertion, the Hipp decision did not change a plaintiff's burden to obtain court-authorized notification.[1]

In this case, Plaintiffs seek notification of the group of employees known as "casino dealers," though Defendant prefers to use the term "poker dealers," the term Plaintiffs alleged in their Complaint.   In fact, Defendant does not oppose Plaintiffs' arguments to allow notification.  Rather, Defendant argues that various portions of Plaintiffs' proposed Notice are misleading and/or inappropriate.  Defendant presented its own proposed Notice [DE 14-2].  Plaintiffs did not file a reply memorandum addressing Defendant's Notice.

Upon comparing the parties' contentions and the two proposed Notices, the Court agrees with Defendant that its Notice is more neutral in its tone and therefore more appropriate.  Defendant's Notice more precisely describes the class of individuals eligible to opt in, more clearly alerts potential opt-in plaintiffs of their right to separate representation, and contains more neutral terms to describe the lawsuit, including dropping the case style caption and changing the title of the Notice.  Because Plaintiffs did not file a reply memorandum addressing Defendant's proposed changes, the Court need not make a detailed analysis of the differences in the proposed notices.

---

[1] The Court notes that the "fairly lenient" language contained in the Hipp decision is actually part of a long quote from the Fifth Circuit in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995).

Defendants request that this Court add a deadline of 60 days for potential opt-in plaintiffs to file their consent to join.  The Court agrees that this is an appropriate deadline.

### III.  CONCLUSION

The Court concludes that Defendant's proposed Notice and Consent forms are more appropriate to issue in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Proceed as Collective Action [DE 8] is hereby **GRANTED, in part**, in that Defendant's Proposed Notice and Consent forms shall be used in this case;

2. The Court therefore adopts the Proposed Notice and Consent forms attached to Defendant's Memorandum at docket entry 14-2;

3. Within 15 calendar days from today, Defendant shall disclose to Plaintiffs the names and last known mailing addresses of all present and former "tipped" poker dealers where a "tip-credit" was claimed, who were employed by Defendant or any subsidiary or parent of Defendant since October 15, 2004;

4. Plaintiffs shall insert a date-specific deadline in Section 6. of Defendant's proposed Notice that is 60 calendar days from the date of mailing of the Notices;

5. Plaintiffs shall provide Defendant with a copy of each opt-in consent form received by counsel, within 15 calendar days of counsel's receipt thereof;

6. The parties shall submit an amended joint scheduling report by April 30, 2008, with proposed amended pretrial deadlines, including a brief description of the

number of opt-in consent forms received by that time.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of January, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Christopher Whitelock, Esq.

Martin P. McDonnell, Esq.