UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61472-CIV-COHN

JOHN WAJCMAN, LUCILLE MATTHEWS,
ALVA SCOTT, on behalf of
themselves and all others similarly situated,

Magistrate Judge Seltzer

    Plaintiffs,
vs.

HARTMAN & TYNER, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR EXTENSION OF TIME

THIS CAUSE is before the Court upon Plaintiff's Motion for Extension of Time to File [a motion for] Summary Judgment [DE 39]. The Court has carefully considered the motion, response [DE 41], and reply [DE 42] thereto, and is otherwise fully advised in the premises.

One year ago, on October 15, 2007, Plaintiffs John Wajcman, Lucille Matthews and Alva Scott ("Plaintiffs") filed their complaint asserting a single claim for failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216, for employees who were employed as poker dealers at Defendant Hartman & Tyner's casino ("Defendant"). On January 23, 2008, this Court granted Plaintiffs' motion in part to allow notification to similarly situated current and former employees who were "tipped" employees under the FLSA for whom Defendant claimed a tip credit, but were forced to disburse 10% of their tips to "non-tipped" employees [DE 16]. Eleven individuals other than the three original Plaintiffs opted-in to this lawsuit.

On May 1, 2008, the Court entered an Amended Scheduling Order, setting

September 26, 2008 as the discovery cutoff date and October 9, 2008 as the dispositive motions deadline date [DE 32].  On October 9, 2008, Defendant filed its motion [DE 36].  On October 13, 2008, Plaintiffs moved to extend their deadline for filing a summary judgment motion for two weeks, explaining that the deposition of a key witness, Ken Sleizak, was rescheduled from October 3 to October 10, 2008, and that based upon his testimony, Plaintiff needed an extension.

Defendant opposes the motion, stating that Plaintiff is seeking an unfair advantage by belatedly seeking to file their motion after first seeing Defendant's motion for summary judgment.  In addition, Defendants argue that this key witness was: 1) first disclosed on January 7, 2008; 2) never set for deposition on October 3; and 3) Plaintiff delayed the deposition until the very end of discovery.

In reply, Plaintiffs do not dispute that the deposition was never set earlier than October 10, but argue that it was during the deposition of "Defendant's witness in September of 2008 that it became apparent Ken Sleizak was a critical witness." Plaintiffs also blame Defendants' delay in responding to document discovery for the late deposition.[1]

Although the Court appreciates Plaintiffs' statement that it did not seek Court intervention during the document discovery dispute (which Plaintiffs allege was never resolved), Plaintiffs were not diligent in completing the depositions of disclosed witnesses prior to the summary judgment deadline (let alone the discovery cutoff).

---

[1] Plaintiffs also state that their motion for summary judgment would be granted, thus allowing the belated motion would make more efficient use of the Court's time and avoid a trial.  The Court disregards this speculative assertion in its analysis.

Defendant disclosed just five (5) witnesses in its initial disclosures on January 7, 2008 [DE 15].  A party cannot just sit back and wait on taking depositions while a document dispute drags on without taking affirmative action to resolve the dispute in advance of the deadlines, regardless of who is at fault for the delay. Moreover, the present motion for extension was not filed until the Monday after a Thursday deadline.[2]  The Court concludes that Plaintiffs have not shown good cause to extend the deadline.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension of Time to File [a motion for] Summary Judgment [DE 39] is hereby **DENIED**.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 15th day of October, 2008.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of Record on CM/ECF

---

[2]  The Court recognizes that the deadline, Thursday, October 9, 2008, was a significant Jewish holiday, though not a court holiday.  This extension motion could have been filed on Friday, October 10, 2008, even if this was an issue.